**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2176**

CLETUS FRU FOTIBU,

        Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 29, 2017                    Decided:  August 3, 2017

Before NIEMEYER, TRAXLER, and HARRIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Albert I. Usumanu, ALBERT USUMANU LAW OFFICE, Minneapolis, Minnesota, for Petitioner.  Chad A. Readler, Acting Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Jenny C. Lee, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cletus Fru Fotibu, a native and citizen of Cameroon, petitions for review of a September 12, 2016 order of the Board of Immigration Appeals (Board) denying his motion to reopen. For the reasons set forth below, we dismiss the petition for review.

Before this court, Fotibu argues only that he was denied a fair merits hearing on his applications for adjustment of status and cancellation of removal in violation of his due process rights. However, Fotibu did not file a timely petition for review of the Board's March 18, 2016 order dismissing his appeal from the Immigration Judge's denial of that relief. Fotibu had 30 days from the date of that decision to file a timely petition for review. *See* 8 U.S.C. § 1252(b)(1) (2012). This time frame is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS*, 514 U.S. 386, 405 (1995). Moreover, the filing of a motion to reopen with the Board does not toll the 30-day period for seeking review of underlying orders. *Id.* at 394. Thus, Fotibu's petition for review of the Board's order of September 12, 2016, cannot be considered timely as to the Board's March 18, 2016 order.

Fotibu fails to raise any issues relevant to the Board's September 12, 2016 order denying his motion to reopen. Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim." *Edwards v. City of Goldsboro*, 178 F.3d 231,

241 n.6 (4th Cir. 1999); *see also Ngarurih v. Ashcroft*, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge denial of relief under Convention Against Torture results in abandonment of issue on review).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED*